GEORGE G. SALMON, JR., and DOROTHY M. SALMON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salmon v. Commissioner
Docket No. 8371-72.
United States Tax Court
T.C. Memo 1975-126; 1975 Tax Ct. Memo LEXIS 244; 34 T.C.M. (CCH) 601; T.C.M. (RIA) 750126; May 6, 1975, Filed Ralph Neibart, for the petitioners. John P. Reis, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' income tax for the years and amounts as follows: Year
Deficiency
1967
$1,925.88
1968
2,643.34 The issue [1] is whether payments made under a separation agreement, later incorporated but not merged into a divorce decree, are taxable to petitioner under the provisions of section 71. [2]
*245 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Dorothy M. Salmon (hereinafter referred to as petitioner) and George G. Salmon, Jr., are husband and wife who were legal residents of Short Hills, New Jersey, at the time the petition was filed. They filed Federal joint income tax returns for the years 1967 and 1968 with the district director of internal revenue, Newark, New Jersey. Petitioner and Stanley A. Bogan (hereinafter referred to as Bogan) were married on June 19, 1948, in New York, New York. Three children were born of this marriage: Robert, born on December 4, 1950; Christopher, born on January 23, 1954; and Scott, born on December 31, 1960. On or about March 22, 1962, petitioner and Bogan were separated pursuant to a written separation agreement, dated March 22, 1962. Under the terms of the separation agreement exclusive custody was given to petitioner. The pertinent parts of the separation agreement are as follows: 8. SUPPORT AND MAINTENANCE. During the lifetime of the parties: A. While the wife remains at the Smoke Rise residence the husband agrees to pay to her for her support and maintenance and for the support and maintenance *246 of the children, 50% of his gross salary from his principal employment, but in no event more than $18,000.00 per annum nor less than $12,000.00 per annum. B. After the wife moves from the Smoke Rise residence the husband agrees to pay for the purposes aforesaid, 40% of his gross salary from his principal employment, not to exceed $14,000.00 per annum nor less than $10,000.00 per annum. * * * * * D. Out of the monies paid by the husband to the wife as aforesaid the wife assumes complete responsibility for the support and maintenance and education of the children except as otherwise herein specifically provided and shall have complete freedom and liberty to allocate sums for the support of herself and the children as she may deem fit. E. In the event of the remarriage of the wife, the payments provided herein shall be reduced by one-third. Upon each of the children attaining his majority or upon his prior death the amounts provided for herein shall be reduced by two-ninths. * * * * * 12. SUBSEQUENT DIVORCE. Nothing herein contained shall be deemed to prevent either of the parties from maintaining a suit for absolute divorce against the other in any jurisdiction based *247 upon any past or future conduct of the other, nor to bar the other from defending any such suit. In the event any such action is instituted, the parties shall be bound by all terms of this agreement. If consistent with the rules or practice of the court granting a decree of absolute divorce, the provisions of this agreement, or the substance thereof, may be incorporated in such decree, but, notwithstanding such incorporation, this agreement shall not be merged in such decree, but shall in all respects survive the same and be forever binding and conclusive upon the parties. Any legal fees in connection with any such proceedings shall be paid by the husband. * * * * * 20. SITUS. This agreement shall be interpreted under the laws of the state of New Jersey. On June 29, 1962, petitioner and Bogan secured a divorce in Chihuahua, Republic of Mexico. Under the terms of the divorce decree, the separation agreement was incorporated by reference; however, the divorce decree expressly provided that the separation agreement would survive the divorce decree and would not merge with the divorce decree. On July 7, 1967, petitioner married petitioner George G. Salmon, Jr. During the first *248 six months of 1967, Bogan, pursuant to the separation agreement, paid to petitioner a total of $8,750 in bimonthly installments. Petitioner included this amount on the joint income tax return filed by herself and her husband for the taxable year 1967. Following her remarriage, petitioner received, pursuant to the separation agreement, bimonthly payments totaling $4,662 in 1967 and $9,324 in 1968, which amounts were not included as income on the joint income tax returns filed for those years. Petitioners claimed dependency exemptions for the three children on their 1967 income tax return but did not claim such dependency exemptions on their 1968 income tax return. OPINION The issue is whether the payments received by petitioner in 1967 and 1968 are includable in her gross income for those years as alimony under section 71. Section 71(a)(2) [3] provides generally that when parties are separated and there is a written separation agreement, the wife's gross income includes periodic payments made under the agreement because of the marital or family relationship. Section 71(b) [4] generally provides that section 71(a)(2) shall not apply to that part of any payment which the terms of *249 the instrument or agreement fix as a sum payable for the support of minor children of the husband. Petitioner contends that the separation agreement sufficiently fixed the full amount of moneys paid by Bogan following petitioner's remarriage as payable exclusively for the support of the three minor children. *250 The Supreme Court, in , has construed the provisions of 71(b) quite literally and narrowly: This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. [] In the present case, the agreement provides that the wife assumes complete responsibility for the support, maintenance and education of the children out of the moneys paid by Bogan. The agreement also provides for reductions in payment amounts upon petitioner's remarriage and upon each child attaining the age of majority. The agreement thus provides a clear indication that the parties *251 intended that the amount to be paid after the remarriage was for the support of the children. The language of the Lester decision and cases decided thereafter, however, make it clear that a mere indication of intent is not sufficient to fix the amounts as child support as required under section 71(b). See (C.A. 4, 1969); and , affirmed (C.A. 2, 1969), certiorari denied . In this case the written agreement gave petitioner the complete freedom and liberty to allocate sums for the support of herself and the children as she may deem fit. The reduction in the amount of payments upon petitioner's remarriage and the attainment of the age of majority by the children in no way diluted the unfettered control which petitioner retained over the moneys to be paid her under the agreement. Therefore, under authority of the Lester case we hold that petitioner must include the amount of payments received by her under the separation agreement in gross income as required under section 71(a)(2). Petitioner alternatively *252 argues that the payments made by Bogan are subject to the provisions of section 71(a)(1) [5] rather than 71(a)(2). In , this Court held that section 71(a)(2) applied to payments made pursuant to a separation agreement which, as is present here, expressly survived the decree of divorce. It is therefore unnecessary for us to consider whether payments made to petitioner were in discharge of a legal obligation under New Jersey law, as would be required under section 71(a)(1).
*253 Decision will be entered under Rule 155.
Footnotes
1. The parties have stipulated that, if the Court determines that the amounts paid to petitioner are includable in her income as alimony, petitioner will be entitled to exemptions for her children. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- * * * * * (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. ↩
4. SEC. 71(b). Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩